1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,            )    Case No.14cr3662 AJB
                                     )
              Plaintiff,             )
                                     )
v.                                   )    ORDER DENYING THE APPEAL
                                     )    OF THE MAGISTRATE JUDGE'S
                                     )    DECISION TO APPOINT CJA
KAM WING CHAN,                       )    COUNSEL FOR MR. CHAN (Doc.
                                     )    No. 26) AND ORDER DENYING
              Defendant.             )    "APPEAL" OF THE MAGISTRATE
                                     )    JUDGE'S ORDER APPOINTING
                                          CJA COUNSEL FOR DEFENDANT
                                          KAVEN COMPANY, INC. (Doc. No.
                                          28)

19    **I      INTRODUCTION**

20          At a motion hearing and trial setting conference on February 6, 2014, counsel for

21    Kaven Company, Inc., asked the Court to "revisit" the Order of Appointment by Judge

22    Bartick (Doc. No. 28) suggesting that the Court could indeed appoint CJA counsel under

23    its supervisory power or, in the alternative, require interim billing rather than a billing

24    and payment at the conclusion of the case.  While this issue was presented without notice

25    or briefing, the Court considered it as a de facto appeal in the interest of judicial econ-

26    omy.

27          Next, Counsel for the Government asked the Court to review the recently filed

28    appeal of the magistrate judge's decision to appoint CJA counsel for defendant Kam

1

14cr3662

1   Wing Chan (Doc. No. 26).  This matter was not set for hearing on this date, but in the

2   interest of judicial economy, the court also agreed to consider the issue. A further

3   discussion ensued, and the court and counsel reviewed the evidence on the record, and

4   the court further considered the  additional supplemental documentation submitted by

5   counsel for Mr. Chan.

6        The Court ultimately took the matter under submission in order to consider, fully,

7   the documents on file, the *United States v. Unimex* (991 F2d 546 (9th Cir. 1993))

8   decision, and the issues presented.

9        For the reasons indicated below, the Court affirms Magistrate Judge Bartick's

10  Order appointing counsel for Mr. Chan, and denies defendant Kaven Company's

11  "appeal" for the appointment of CJA counsel for its defense, while the Court does grant

12  the request to allow interim billing for services rendered by Mr. Scott during the case,

13  thereupon modifying Judge Bartick's order in this regard. .

14  **II.    APPEAL OF THE ORDER APPOINTING COUNSEL FOR DEFENDANT**

15  **KAM WING CHAN**

16       There is a long and involved history with regard to the status of appointed counsel

17  for Mr. Chan in this case.  This is well documented and will not be repeated here.

18       Magistrate Judge Bartick last addressed the issue of appointment of counsel for

19  Mr. Chan in the Order filed January 27, 2015 (Doc. No. 29).  The Government has

20  appealed indicating that real property holdings by Mr. Chan, his business interests and

21  ownership of Kaven Company, Inc. all suggests an ability to pay counsel for representa-

22  tion in this case.  The parties all agree that the burden of proof financially ultimately

23  rests with the defense.  The defense has demonstrated to the Court on multiple occasions

24  the inability to pay for counsel.

25       With regard to the holdings in the corporation, the records demonstrate that Mr.

26  Chan holds an equity interest in Kaven Company, as the sole shareholder of the corpora-

27  tion.  Kaven Company is a separate legal entity and there is no legal authority for the

28  premise that a corporation has an obligation to pay the legal expenses of its predominate

14cr3662

1  or sole shareholder in a criminal matter.  While the Government makes arguments and

2  points to evidence to suggest a pattern and practice of self dealing with corporate assets

3  by Mr Chan, these are not sufficient for the court to disregard the separate entity status of

4  the corporation at this juncture.  Nor does the information compel the court to undertake

5  a process to adjudicate the alter ego issue .  Alter ego is not an issue in the substantive

6  counts charged in the Indictment, and while the Corporation has significant assets and

7  inventory, it is essentially net cash poor, with reported income of less than $19,000 per

8  year.

9       Regarding the home, there is certainly equity beyond the market value and the

10  equity loan, however, the ability of Mr. Chan drawing on the equity of his half interest,

11  with his low salary, is suspect. Mr Chan's only contribution to the property is the

12  monthly payments made for a pool service and gardener. He pays nothing else and his

13  salary shows little ability to pay any more. Some of his expenses may be covered on the

14  company credit card, but those fall short of the kind of "income" required to retain

15  counsel. This Court agrees with Magistrate Judge Bartick that the property is not a liquid

16  asset that can be immediately liquidated or utilized to secure a loan to provide resources

17  to retain counsel.

18       This Court, following a *de novo* review, finds Magistrate Judge Bartick's assess-

19  ment of the financial circumstances sound and, affirms those findings.  Federal Defend-

20  ers will continue its appointment as counsel for Mr. Chan under 18 U.S.C. 3006(A), and

21  the Court will consider the need for Mr. Chan to reimburse the United States for the cost

22  of appointed counsel as the case proceeds.

23  **III.    Appointment of Counsel for Defendant Kaven Company, Inc.**

24       As reflected above, defendant Kaven Company, Inc. sought to "revisit" Judge

25  Bartick's Order with regard to counsel for Kaven Company, Inc.  Considering this an

26  "appeal", and upon review, the Court sees no reason to disturb Magistrate Judge

27  Bartick's decision that corporation can not be appointed counsel under the Criminal

28  Justice Act . Judge Bartick's decision is consistent with the law, and reasonably based.

14cr3662

1    Counsel for Kaven Company asked for consideration under the court's supervisory

2    power, and suggested that Kaven Company and other corporations may have an individ-

3    ual's right to counsel under an extension of the United States Supreme Courts *Hobby*

4    *Lobby* case. See, *Burwell v. Hobby Lobby*, 573 U.S _ (2014) (As applied to closely held

5    corporations, the regulations promulgated by the Department of Health and Human

6    Services requiring employers to provide their female employees with no-cost access to

7    contraception violates the Religious Freedom Restoration Act.).

8        The government has asserted that the *Unimex* case precludes any consideration of

9    using CJA funds to represent a corporation.  That authority remains undisturbed in the

10   Ninth Circuit.  The issue with regard to inherent authority or other basis to avoid

11   preclusion by *Unimex* have been recently discussed in the case of the *United States v.*

12   *Burke*, 2014 W.L. 2800759.  While *Burke* is from the District Court in the Western

13   District of Texas, and not precedent this court must follow, the detailed analysis by

14   Judge Guaderrama is very instructive and this Court adopts that analysis and reasoning

15   in regards to this issue in this case.

16       This Court does not find the holding in *Hobby Lobby* applicable nor it's reasoning

17   supportive of a Sixth Amendment right of corporations to appointed CJA counsel.

18       Based on the foregoing, the Court will not appoint counsel for Kaven Company,

19   Inc. under the CJA on any basis.  The Court will, however, modify Judge Bartick's Order

20   as requested by Mr. Scott allowing monthly billing to Kaven Company, Inc. Kaven

21   Company, Inc. Should pay counsel within 30 days of the invoices unless otherwise

22   arranged between attorney and client.

23       Mr. Scott has confirmed that he would, indeed, represent the corporation at a rate

24   consistent with CJA guidelines (i.e., a reduced rate).  This ability to pay by Kaven

25   Company, has been previously confirmed in the case by Mr. Chan, and no evidence to

26   the contrary was brought forward at the hearing on February 6.

27   //

28

4                                                                                                            14cr3662

1

**CONCLUSION**

2      The Court affirms the Order of Judge Bartick with regard to the appointment of

3  Federal Defenders as counsel for Mr. Chan and therein denies the Government's appeal;

4  and, grants in part and denies in part defendant Kaven Company's request for "appeal"

5  as stated above.

6

7  IT IS SO ORDERED.

8

9  DATED:  February 9, 2015

10  _____

Hon. Anthony J. Battaglia
11  U.S. District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14cr3662